O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs | Attorneys NOT Present for Defendants | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

Plaintiff Sugeng Priyanto is an Indonesian citizen who was employed by Defendant Holland America Lines, NV ("HAL") as a stateroom cleaner aboard one of its ships, Defendant M/S Amsterdam.[1] (Second Amended Complaint ("SAC") ¶¶ 7, 13.) Priyanto filed a complaint for declaratory and injunctive relief on behalf of himself and others similarly situated. On January 14, 2008, the Court granted Plaintiff's motion to file a Second Amended Complaint ("SAC"), adding as Plaintiffs Agus Eko Suyanto, Miranda Adeni and Indra Sukmana Putra Kusuma, who are or were also employed in the housekeeping departments of HAL's vessels. (SAC ¶ 7.)[2] On July 16, 2008, the Court denied Plaintiffs' motion to file a Third Amended Complaint.

In the SAC, a putative class action, Plaintiffs allege six claims for relief: (1) equitable relief for violations of the California Business and Professions Code §§ 17200 et seq. ("UCL"); (2) violation of the California Labor Code Private Attorneys General

---

[1] Given that M/S Amsterdam is merely the vessel on which Plaintiffs worked, it is their employer which is really the only substantive defendant. Defendant Holland America Line, Inc., is a Washington corporation that acts as an agent for HAL, NV. (Plaintiffs' Statement of Genuine Issues in Opp'n to Defs.' Mot. for Summ. J. ("PSGI") ¶ 27.) Plaintiffs do not argue, however, there is any employment relationship between the Washington corporation and Plaintiffs, though HAL, Inc., is "also deemed the owner of the vessels." (PSGI ¶ 28.) Accordingly, this Memorandum refers to "Defendant" in the singular.

[2] The various documents, statutes and relevant caselaw refer to employees such as Plaintiffs as "seamen" or "seafarers," interchangeably. This memorandum refers to them as seafarers.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

Act of 2004[3] (Cal. Labor Code §§ 2696-2699.5); (3) failure to pay wages in a timely manner under the Seaman's Wage Act, 46 U.S.C. §§ 10101 et seq.; (4) breach of employment contract; (5) unjust enrichment; and (6) declaratory relief. The SAC alleges that HAL failed to comply with the Seaman's Wage Act by failing to pay timely all of Plaintiffs' wages to which they were legally entitled, by failing to pay for overtime and making improper deductions for travel expenses. (SAC ¶¶ 44-55.)

On its first motion for partial summary judgment, Defendant sought dismissal of Plaintiffs' claims under (1) the UCL; (2) the Labor Code Private Attorneys General Act of 2004; and (3) Plaintiffs' claims for unjust enrichment and declaratory relief. In an order dated January 23, 2009, I granted that motion in its entirety,

Now, on this second motion for partial summary judgment, Defendant seeks "dismissal" of any and all claims that overtime pay is owed to Plaintiffs.

As a preliminary matter, Plaintiffs argue Defendant is inappropriately asking for partial summary judgment on "less than all of the claim" and seeking an "advisory ruling" since the SAC contains no cause of action *solely* for overtime wages. (Opp'n at 10-12). They also argue that, even if a party can generally obtain partial summary judgment on a part of a cause of action, it is inappropriate here, because Defendant's motion only addresses the issue of damages. (Opp'n at 13.) Neither of these arguments is persuasive.

Federal Rule of Civil Procedure 56(b) provides that a defending party may move for summary judgment on "part of" a claim. Rule 56(d) of the Federal Rules of Civil Procedure further allows a court to determine "what material facts are not genuinely at issue," even "if summary judgment is not rendered on the whole action." Under these rules, the Court is not limited to disposing of entire claims on a summary judgment motions. The Supreme Court has explicitly noted that "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp.*, 477 U.S. at 323-24. *See also Monge v. Cortes*, 413 F. Supp. 2d 54, 59 (D.P.R. 2006) (noting summary judgment can be used to "narrow the scope of the litigation"); *First Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 977 F. Supp. 1051, 1055

---

[3] Plaintiffs claim they are not pursuing this claim, and have sought to stipulate to dismissal.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

(S.D. Cal. 1997) (under Rule 56(d), "Even if First National will not prevail on one of its causes of action, the Court may still grant summary adjudication as to specific issues if it will narrow the issues for trial.")

In attempting to rebut the clear text of the Federal Rules of Civil Procedure and the cases noted above, Plaintiffs rely on *G&C Auto Body Inc. v. Geico General Ins. Co.*, No. C06-04898 MJJ, 2007 WL 4350909 (N.D. Cal. Dec. 12, 2007) (Opp'n at 11). There, the court struck portions of defendants' motion for partial summary judgment on the basis that "each seek [sic] to resolve less than an entire claim at issue in the case." *Id.* at *1. Not only does that case run counter to other clear authority, it is distinguishable. There, defendants sought a determination that the plaintiff corporation was a public figure for purposes of its commercial defamation claim, in order to establish that the plaintiff could not recover punitive damages. *Id.* Relying on district court decisions from outside this circuit, the court held summary judgment was not a "vehicle for fragmented adjudication of non-determinative issues." *Id.*

As another Northern District court noted in distinguishing the cases *G&C Auto Body* relied upon, those cases "stand only for the proposition that some courts look with disfavor on summary judgment motions that seek rulings on factual issues other than liability." *Roger-Vasselin v. Marriott Int'l, Inc.*, No. C04-4027 TEH, 2006 WL 2038291, at *2 (N.D. Cal. July 19, 2006). Here, though, the issue is one of liability- whether Plaintiffs can show they are entitled to any overtime pay.

Although Plaintiffs have not alleged a stand-alone claim for failure to pay them overtime wages, they have specifically and repeatedly made allegations in the SAC about overtime wages owed to them. Plaintiffs clearly put this question into issue, and they cannot take advantage of the fact that their allegations are scattered throughout the SAC rather than in any one discrete, clear claim for relief.

Turning to the merits, then, after reviewing the parties' arguments and the evidence submitted, I GRANT the motion for partial summary judgment and determine that:
        (1)    the Fair Labor Standards Act ("FLSA") does not apply to Plaintiffs; and

        (2)    Under their other "viable" theory, Plaintiffs have not produced

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

sufficient evidence to create a genuine issue of material fact as to whether they are entitled to any overtime wages.

## II. BACKGROUND[4]

Plaintiffs are all Indonesian seafarers who are currently or were previously employed in the Housekeeping Department aboard Defendants' ships. (Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Supp. of Mot. For Partial Summ. J. on Overtime Claims ("SUF") ¶ 1.) All of Defendant's ships are registered in and fly the flag of the Netherlands. (SUF ¶ 2.) As acknowledged in their briefing on the first motion for partial summary judgment, addressed in the January 23, 2009 Order, some of these ships, including the M/S Amsterdam, sail to and from the Port of Los Angeles. All of the cruises on which Plaintiff Priyanto worked entailed at least one port of call in the United States, and all stopped at at least one international port of call.[5] *See* January 23, 2009 Order (citing PSGI (filed Aug. 29, 2008) ¶¶ 29, 83-92,110-14, 117, 119.)

There were two documents relating to the employment of Plaintiffs by Defendant - one negotiated by the Indoenesian seafarers' union (KPI) ("the KPI Agreement") and one signed by the individual worker, with language referencing the KPI Agreement (the Individual Working Contract or "IWC"). (SUF ¶¶ 5-7; PSGI ¶¶ 5-7.) In 2004, HAL and KPI renegotiated the Agreement then in effect and executed a new agreement (the "2004 KPI Agreement") governing the period between April 1, 2004, and March 31, 2007. (PSGI ¶ 6.) Accordingly, there were two different IWCs during the time at issue here, one pursuant to the 2004 KPI Agreement and one pursuant to an earlier KPI Agreement.

A. The Contractual Overtime Provisions

---

[4] All facts are undisputed unless otherwise noted. Facts unrelated to the instant motion have only been summarized. Plaintiffs object to many of Defendant's uncontroverted facts as irrelevant; only those deemed relevant are discussed here. Plaintiffs have made other evidentiary objections, but none relate to the material facts discussed here.

[5] Though all of the voyages were international, they were not "foreign" as defined by the Seaman's Wage Act, which excludes voyages that include travel from U.S. ports to Mexico or the Caribbean. 46 U.S.C. § 10301(a)(2).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

Article II of the IWCs signed by each Plaintiff and in effect from September 24, 2003 through May 2004[6] (the "2003-2004 IWC") provided for overtime pay of $1.48 per hour "in accordance with Article IV" of the earlier KPI Agreement. The 2003-2004 IWC provided that overtime would be paid for work in excess of 56 hours per workweek, and for work performed on holidays. (PSGI ¶ 17.) Plaintiffs agree that overtime was properly paid under this contract through May 2004. (PSGI ¶ 18.)

Article II of the IWCs in effect from May 2004 through mid-2006 provided that "Overtime will be paid after 330 hours are worked based on a 30 day month." (SUF ¶ 8; PSGI ¶ 8.) Priyanto contends that from June 2004 through mid-2006, he "stopped receiving overtime pay." (PSGI ¶ 19.)

B. "Evidence" of Uncompensated Overtime

Plaintiffs have made several vague assertions regarding overtime hours worked and uncompensated, including a reference to their computation of likely recoverable damages, PSGI ¶ 32, and a reference to their initial Rule 26 disclosure, which states that Plaintiffs "regularly worked in excess of 40 hours per week, as well as aboard other vessels, as required by the assigned duties and tasks given to them." (PSGI ¶ 36.)[7] The only actual evidence of overtime work is vague, however. It comes in the form of deposition testimony and declarations of Plaintiffs. Plaintiffs Priyanto, Adeni, and Kusuma have all declared: "Throughout my employment with Holland America I routinely worked more than 330 hours per month." (Farzam Decl., Exs. 88-90 (Priyanto Decl. ¶ 4, Adeni Decl. ¶ 4, Kusuma Decl. ¶ 4).)[8]

---

[6] Although at one point in the PSGI, Plaintiffs contend the 2003-2004 IWC was effective through September 24, 2004 (PSGI ¶ 16), at another point they suggest they agree with Defendants that this agreement was superceded by the later collective bargaining agreement ("CBA") negotiated by their union and/or a later IWC. (PSGI ¶ 8.) The parties have not briefed the issue of if and when the later Agreement came into effect. However, the timing is irrelevant for reasons discussed below.

[7] As part of their damage calculations, Plaintiffs state they worked 30 hours per week in overtime. (PSGI ¶¶ 37, 41.) Plaintiffs provide no evidence to support this figure.

[8] Plaintiff Priyanto also commented about some discrepancy between days he worked six hours instead of five hours. However, it is difficult to discern what, if any, uncompensated overtime is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

At some point during Plaintiffs' employment,[9] HAL instituted a computerized "time capture system." (SUF ¶ 10.) In this system, if employees worked more hours than scheduled, they could enter the extra hours into the computer. (SUF ¶ 11; Priyanto Dep. 149:18-21.) Plaintiffs did not record overtime into this system, nor did they write anywhere in their own records how many extra hours they worked, even though they concede it was their responsibility to do so. (Priyanto Dep. 150: 9-19; Suyanto Dep. 76:16-77:21, 78:10-24.)

## III. LEGAL STANDARD

Partial summary judgment is appropriately granted where "there is no genuine issue of material fact as to [a] portion of [a] claim" and "the moving party is entitled to a judgment as a matter of law." *Starr-Gordon v. Massachusetts Mut. Life Ins. Co.,* No. CIV. S-03-68 LKK/GGH, 2006 WL 3218778, at *5 (E.D. Cal. November 7, 2006); Fed. R. Civ. P. 56(d). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim or portion of a claim upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1106 (9th Cir. 2000).

---

alleged:

> Q: Okay. What are those other complaints?
> A: Then about – about the overtime. How is it?
> Q: Can you explain what you mean by "How is it?"
> A: Yes, such as we work, the additional work, more work. Maybe that's what I can – such as, I work from 8:00 A.M. until 11:00, and eat from 11:00 to 12:00, and from 12:00 to 2:00, if there is additional work for room service, from 12:00 until 3:00, that's it. That – yes, that's it.
> Q: All right.
> A: One hour. My question is, where does the one hour go? The off time is at 2:00. Uh-huh.

(Priyanto Decl. 118:1-12)

[9] The parties dispute when this system was implemented. (SUF ¶ 9; PSGI ¶ 9.) While Plaintiffs suggest that this system for recording overtime was not in place for the entirety of the period at issue, they do not suggest that they recorded their time in any other way when it was not in place.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Celotex*, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). Summary judgment or partial summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claim or portion of the claims at issue. *See Matsushita*, 475 U.S. at 587.

## IV. DISCUSSION

In the SAC, Plaintiffs make several allegations of unpaid overtime wages that are "tucked away" in various specified claims for relief. To determine whether partial summary judgment is appropriate, each alleged basis for recovering unpaid overtime wages must be examined separately.

### A. UCL Claim

The clearest overtime-related allegation is that "Holland America's failure to comply with various federal and state laws and failure to pay all proper wages, including

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

deductions and unpaid overtime, constitutes unfair competition entitling Plaintiffs to injunctive relief." (SAC ¶ 7.) Plaintiffs thus argue that Defendant's failure to pay overtime is itself a violation of California's Unfair Competition Law. Plaintiffs also argue separately that the failure to pay overtime "within 24 hours at the end of the voyage" is an independent UCL violation. (SAC ¶ 45.) However, as the Court explained and ruled in its January 23, 2009 Order, the UCL claims are not viable and have been dismissed.

     B.    Contract-Related Claims

In their pleadings, it is unclear whether Plaintiffs seek to recover overtime wages on their breach of contract claim, as they merely allege that Defendant "breached its contractual duties with respect to Plaintiff," without specifying the duties to which they refer. (SAC ¶ 68.) However, their opposition brief makes clear that they seek to recover "damages as to overtime" on their breach of contract claim.[10] (Opp'n at 20.)

The parties do not dispute that if Plaintiffs worked overtime, they were entitled to overtime pay for work performed under the contract. The parties do dispute which contract, and thus which overtime provision, applied to Plaintiffs from 2004 through 2006, but this dispute is not relevant to the questions at issue on this motion because HAL contends that Plaintiffs cannot recover unpaid overtime wages under any contract, since they have failed to meet their evidentiary burden in establishing that they were owed any overtime. (Pl.'s Mem. at 5-11.)

To establish a breach of contract, Plaintiffs must show (1) there was a duty to pay overtime; (2) Plaintiffs worked overtime; and (3) Plaintiffs were not compensated for that overtime. While the first and third of these elements are undisputed, Plaintiffs have not set forth any legitimate evidence as to the second. Defendant notes that Plaintiffs have conceded they failed to record the number of hours they worked in either Defendant's

---

[10] This is further supported by the allegations in Plaintiffs' unjust enrichment claim, including the allegation that Defendant "undertook various obligations and duties to provide compensation, including gratuities and overtime." (SAC ¶ 71.) Plaintiffs allege Defendant failed to honor these obligations, and in so doing, unjustly enriched itself. (SAC ¶ 72.) For reasons explained in the January 23, 2009 Order, the unjust enrichment claim has been dismissed in its entirety as duplicative of the contract claim.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

time management system or on any independent basis. (Pl.'s Mem. at 5-7, citing Priyanto Depo. 136:3-25, 150:12-15; Adeni Depo. 59:2-6, 62:17-20, 70:22-71:1; Suyanto Depo. at 56:22-57:1.) Plaintiffs respond that this is irrelevant, and appear to argue that, since the parties do not dispute Defendant did not pay overtime, the question of how much or whether any overtime is owed is simply a question of damages. (Pl.'s Mem. at 21-23.)

A plaintiff must present *some* evidence to show "he performed work for which he was not properly compensated" to establish "the fact of damage," even if the amount of damage is uncertain as part of the prima facie case. *Nash v. Resources, Inc.*, 982 F. Supp. 1427, 1434-35 (D. Or. 1997); *see also Wilken v. Cascadia Behav. Health Care, Inc.*, No. CV 06-195-ST, 2007 WL 2916482 (D. Or. Oct. 5, 2007), at *16 (for liability purposes, plaintiff must put forward "a reasonable estimate of hours worked"). This requirement has been incorporated into federal admiralty law, which generally incorporates the "core principles of the common law of contract that are in force in most states."[11] *U.S. v. National Steel Corp.*, 75 F.3d 1146, 1150 (7th Cir. 1996).

Plaintiffs have no idea how many hours of overtime they worked, and some have suggested they do not even know if they actually worked uncompensated overtime hours. *See, e.g.*, Adeni Depo. 59:2-6 ("I've never counted, because if they ask me to work extra, I just do it, but I've never even kept track."). Plaintiff Priyanto explained he did not record his overtime hours because he had friends who had done so, and were subsequently questioned about the hours they recorded. (Priyanto Dep. 150:19-25.) Although he was never questioned regarding overtime, Priyanto explained that when he had previously complained about wages, his wages were reduced. (Priyanto Dep. 110:23-25). Plaintiff Suyanto also did not record his overtime, and acknowledges that many days he worked less than his scheduled hours. He has not explained why he did not record his overtime, either in the time system or in any other fashion, and he is not even sure if he "think[s] Holland America owes" any back wages. (Suyanto Dep. 78:22-79:1.) Plaintiff Kusuma says she did not input any overtime hours into the system because she

---

[11] In general, federal courts are to apply federal admiralty law in interpreting maritime contracts unless the contract specifies otherwise. *Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*, 495 F.3d 1078, 1080-81 (9th Cir. 2007); *Flores v. Amer. Seafoods Co.*, 335 F.3d 904, 916-17 (9th Cir. 2003). The parties have not argued that any other law applies.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

had heard from friends and her immediate supervisor that it was not allowed. (Kusuma Dep. 26:1-15.)

While their explanations for not recording overtime in the time management system may be understandable, that gives Plaintiffs no right to be exempt from proving damages. Because of its reluctance to deprive a party of its proverbial "day in court," the Court has carefully examined the record to see if there is any basis for Plaintiffs to proceed to trial. But given that no Plaintiff has been able to point to specific evidence that would allow a jury to conclude that overtime wages were owed and withheld, the Court has no choice but to grant partial summary judgment as to Plaintiffs' contract-based overtime claim.

  C. <u>Seaman's Wage Act Claim</u>

Plaintiffs allege that, under the Seaman's Wage Act, "Holland America is required to pay all wages, including but not limited to overtime, within 24 hours at the end of each voyage in a U.S. port," and that Defendant fails to "pay all wages, including but not limited to overtime, owed within 4 days after the seafarers are discharged [or] within 24 hours at the end of each voyage." (SAC ¶¶ 61-62.)

The Seaman's Wage Act does not itself create a duty to pay, but only a duty to pay required wages in a timely manner. The wages that are required to be paid are determined other than by the provisions of the Seaman's Wage Act. In their briefs, Plaintiffs argue that both their employment contracts and the Fair Labor Standards Act ("FLSA") obligated HAL to pay them overtime wages, and thus they had to do so in accordance with the Seaman's Wage Act. For the reasons discussed above, Plaintiffs cannot demonstrate a breach of the contractual duty to pay overtime, so their Seaman's Wage Act claim for unpaid overtime wages would have to be dismissed unless they could show (1) the FLSA created an obligation for HAL to pay Plaintiffs for overtime work; (2) they worked overtime; and (3) they were not paid for that overtime. Plaintiffs cannot do so.

Defendant makes two arguments that the FLSA does not apply to Plaintiffs. First, it argues Plaintiffs are excluded from the FLSA under the "seaman" exception. Second, it argues the FLSA does not apply extraterritorially, and thus cannot be applied to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

Plaintiffs for work performed on the high seas. The Court finds that Plaintiffs are not excluded from the protections of the FLSA as "seamen," but nonetheless cannot recover under the FLSA since the work they performed was on the high seas.

       1.      Plaintiffs are not "seamen" as defined by the FLSA

The FLSA excludes both "seamen" and "seamen employed on a vessel other than an American vessel" from its overtime pay requirements. 29 U.S.C. § § 213(a)(12), 213(b)(6). While the parties agree that Plaintiffs are "seamen" within the meaning of the Seaman's Wage Act, "the classification of an employee as a seaman under one statute or admiralty doctrine does not necessarily require that he be so classified under another one which might have a different purpose." *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1103 (7th Cir. 2004); *see also McLaughlin v. Boston Harbor Cruise Lines*, 419 F.3d 47, 58 (1st Cir. 2005) (Lipez, J., concurring). While the FLSA does not define the term "seamen," in interpreting § 213(b)(6), courts have relied on principles of administrative deference and adopted the definition promulgated by the Department of Labor at 29 C.F.R. § 783.31. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 713 (1986); *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1412 (9th Cir. 1990).

Section 783.31 specifies that:

> an employee will ordinarily be regarded as 'employed as a seaman' if he performs, as master or subject to the authority, direction, and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character.

Applying this definition, courts have focused on the nature of the work an individual performs, concluding that an employee only falls within this exclusion from protection if he is "(more or less) [a] full-time member of the marine crew, that is, the crew that is responsible for operating the ship." *Harkins*, 385 F.3d at 1104. On the other hand, the exemption does not apply where "a person employed on a ship was engaged in activities that had no maritime tincture whatever; an example would be a waiter employed on a cruise ship to serve meals to the passengers at regular hours." 385 F.3d at 1103; *see also Martin v. Bedell*, 955 F.2d 1029, 1036 (5th Cir. 1992) (holding that onboard cooks who

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

spent more than 20% of time preparing food for non-crew members were not seamen under the FLSA).

As members of the hotel housekeeping staff, Plaintiffs are like waiters, in that they do not perform a "service which is rendered primarily as an aid in the operation" of the vessels upon which they work. Rather, they perform the same tasks that hotel housekeeping staff would perform in a land-based hotel. *See Harkins*, 385 F.3d at 1104 ("We can ask the question this way: do the plaintiffs spend their time performing duties that are necessary to the operation of the Showboat because it is a ship or because it is a casino?") As such, they do not fall under the "seaman" exception to the FLSA.

    2.    The FLSA does not apply to Plaintiffs' work aboard foreign-flagged ships at sea

Even if the Plaintiffs are not excluded from the protection of the FLSA based on what kind of work they do, they may be excluded based on where they do it. There is a general presumption against the extraterritorial application of federal statutes, and the FLSA **is** no exception. In the instant case, this presumption is strengthened by "the well-established rule of international law that the law of the flag state ordinarily governs the internal affairs of a ship." *McCulloch v. Sociedad Nacional de Marineros de Honduras*, 372 U.S. 10, 20 (1963). While general statutes apply to foreign-flag vessels located in United States territory, "absent a clear statement of congressional intent, general statutes may not apply to foreign-flag vessels insofar as they regulate matters that involve only the internal order and discipline of the vessel, rather than the peace of the port." *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 130 (2005).

The Supreme Court has consistently held employment relations on a ship to be such "internal affairs." *See Spector*, 545 U.S. at 130-31 (discussing "internal affairs" doctrine); *E.E.O.C. v. Arabian American Oil Co.*, 499 U.S. 244 (1991) (holding that, in absence of clear statement, Title VII (subsequently amended) did not apply to American citizen employees on ships at sea); *McCulloch*, 372 U.S. 10 (holding labor relations to be "internal affairs" and thus National Labor Relations Act does not apply to employees on foreign ship at sea); *Benz v. Compania Naviera Hidalgo, S.A.*, 353 U.S. 138 (1957) (holding "internal affairs" limitation bars application of Labor Management Relations Act to ship at sea). In accordance with this case law, employment relations between

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

foreign citizens and their employers on foreign-flagged ships lie within a ship's "internal affairs." Therefore, the FLSA could only apply to Plaintiffs if there were a "clear statement of congressional intent" suggesting as much.

Such a clear statement is lacking. Indeed, the text of the FLSA suggests that it does not apply to Plaintiffs insofar as the work they performed was outside the United States. The statute contains a specific provision barring its application to:

> any employee whose services during the workweek are performed in a workplace within a foreign country or within territory under the jurisdiction of the United States other than the following: a State of the United States; the District of Columbia; Puerto Rico; the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C. § 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island

29 U.S.C. § 213(f). As the Third Circuit has noted, the services of maritime workers are generally "not rendered within the United States or one of the enumerated territories" under this provision. *Cruz v. Chesapeake Shipping Inc.*, 932 F.2d 218, 226 (3d Cir. 1991). The court there noted the "exclusion of ships flying foreign flags was presumably to avoid interference in the delicate field of international relations by imposing domestic labor law on foreign ships employing foreign nationals at foreign wages." 932 F.2d at 231.

It is undisputed that Plaintiffs worked solely on foreign-flagged ships, and their work was performed at sea. The FLSA cannot be applied to them without interfering with the internal afffairs of a foreign-flagged ship. In light of the lack of a clear statement of Congressional intent to do so, the Court finds the overtime provision of the FLSA does not apply to Plaintiffs, and thus Plaintiffs cannot recover unpaid overtime wages under the Seaman's Wage Act.

**V. CONCLUSION**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

    Because Plaintiffs are unable to establish any genuine issues of material fact as to whether they are entitled to overtime payments, the Court GRANTS Defendants' Motion for Partial Summary Judgment on the overtime claims.[12]  No hearing is necessary.  Fed. R. Civ. P. 78; L.R. 7-15.

    This Order is not intended for publication.

                                                                                                                                                :

                                                                 Initials of Preparer      se

---

[12]  Docket No. 172