O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys NOT Present for Plaintiffs | Attorneys NOT Present for Defendants | | |

**Proceedings:** IN CHAMBERS: Defendant's Motion to Strike [170]

## I.     INTRODUCTION

Plaintiff Sugeng Priyanto is an Indonesian citizen who was employed by Defendant Holland America Lines, NV ("HAL") as a stateroom cleaner aboard its ships, Defendant the M/S Amsterdam,[1] and the M/S Ryndam. (Second Amended Complaint ("SAC") ¶¶ 7, 20.) Priyanto filed a complaint for declaratory and injunctive relief on behalf of himself and others similarly situated. On January 14, 2008, the Court granted Plaintiff's motion to file a Second Amended Complaint ("SAC"), adding as Plaintiffs Agus Eko Suyanto, Miranda Adeni and Indra Sukmana Putra Kusuma, who also are or were employed in the housekeeping departments of HAL's vessels. (SAC ¶ 7.)[2] The various documents, statutes and relevant caselaw refer to employees such as Plaintiffs as "seamen" or "seafarers," interchangeably. This order refers to them as seafarers.

On July 16, 2008, the Court denied Plaintiffs' motion to file a Third Amended Complaint.

In the SAC, Plaintiffs alleged six claims for relief. In orders dated January 23, 2009, March 11, 2009, and April 27, 2009, the Court granted summary judgment to Defendant on four of those claims. The only claims that remain are (1) their breach of

---

[1]     As discussed in previous orders, this order refers to Defendants collectively as "Defendant" in the singular.

[2]     Plaintiffs Adeni and Kusuma were subsequently voluntarily dismissed from the case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

contract claim and (2) their Seaman's Wage Act claim as related to overcharges in the deduction of union dues and exit permit/immigration fees.

On April 29, 2009, the Court denied Plaintiffs' motion to certify the case as a class action under Rule 23.

On this motion, Defendant moves to strike Plaintiffs' jury demand and request for punitive damages. Since the Court finds Plaintiffs are not entitled toa jury trial on either of their remaining claims, and that punitive damages are not available on either remaining claim, the motion is GRANTED.

## II.   BACKGROUND

The Court and the parties are familiar with the factual background of this case as laid out in the Court's multiple earlier orders. As the instant motion concerns purely legal issues, the Court does not review the complicated background here.

## III.   DISCUSSION

Defendant argues that (1) Plaintiffs are not entitled to have any of their claims heard by a jury and (2) punitive damages are not authorized for any of their claims.

### A.   Plaintiffs' Jury Demand

In the SAC, Plaintiffs included a jury trial demand. (SAC p. 23.) HAL argues that Plaintiffs are not entitled to a jury trial on any of their remaining claims. The parties agree that, generally, there is no right to a jury trial in civil admiralty cases. (Pls.' Opp'n at 4, *citing Jose v. M/V Fir Grove*, 765 F. Supp. 1037, 1039 (D. Or. 1991); Def.'s Mem. in Supp. of Motion to Strike ("Def.'s Mem.") at 5-6, *citing Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 475 (9th Cir. 1994). They dispute, however, the scope of an exception to this general rule , the "saving to suitors clause," contained in 28 U.S.C. § 1333, and its application to this case.

28 U.S.C. § 1333 vests the federal district courts with original jurisdiction to hear "any civil case of admiralty or maritime jurisdiction." The saving to suitors clause,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

though, explicitly grants suitors in such cases the right to pursue "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The provision thus preserves plaintiffs' option to bring maritime causes of action in state courts, or to bring an action at law in the federal district court, if federal question jurisdiction or diversity jurisdiction requirements are met. *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997); *Jose v. M/V Fir Grove*, 765 F. Supp. at 1039.

Where diversity jurisdiction is the asserted jurisdictional basis for a seafarer's claim, "both the defendant and plaintiff have a right to demand a jury trial under the Seventh Amendment so long as the suit is one that could traditionally have been brought 'at common law.'" *Ghotra*, 113 F.3d at 1055, *quoting Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994). Plaintiffs have not alleged diversity jurisdiction in the SAC, a point which they concede. (Opp'n at 5.) However, they argue that they "should have been or should now be permitted to amend their allegations to add diversity as a basis of jurisdiction" for their breach of contract claim. (*Id.*)

The Court previously refused to allow Plaintiffs to "change the jurisdictional basis of the lawsuit" by amending their complaint to assert CAFA-premised diversity jurisdiction. *See* July 16, 2008 Order (Dkt No. 131) at 6. Moreover, given that only two plaintiffs remain and each seeks to recover less than $2,000 on his contract claim,[3] plaintiffs have not made a sufficient showing that they can meet the $75,000 amount in controversy requirement. *See* 28 U.S.C. § 1332(a). Thus, the only basis for jurisdiction over Plaintiffs' contract claims is admiralty jurisdiction, and they do not possess a right to jury trial on that claim.

Nor do Plaintiffs have a right to a jury trial on their Seaman's Wage Act claims. Although these claims could have been brought under the Court's federal question jurisdiction in the SAC, Plaintiffs invoked the Court's federal question jurisdiction only for their now-dismissed claim for declaratory relief. (SAC ¶ 16.) They explicitly cited admiralty jurisdiction under 28 U.S.C. § 1333 as the basis for the Court's jurisdiction over "plaintiffs' federal causes of action." (*Id.*) Since the SAC explicitly alleges that the Seaman's Wage Act claims were brought only pursuant to the Court's admiralty

---

[3] At the April 20, 2009, hearing on Plaintiff Priyanto's motion for summary judgment, Plaintiffs' counsel estimated total contrct damages of under $2000 per Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

jurisdiction, and the Court will not allow Plaintiffs to amend their complaint again at this late date, **Plaintiffs have** no right to a jury trial on this claim.

Since both of Plaintiffs' remaining claims arise only under the Court's admiralty jurisdiction, they have no right to a jury trial. Accordingly, the motion to strike the jury demand is GRANTED.

### B. Plaintiffs' Request for Punitive Damages

In the SAC, Plaintiffs included a request for "an award of punitive damages based on Defendants' failure to pay wages as required by law and for misleading various crewmembers concerning their rights to such compensation." (SAC at p. 22.) Defendant argues that punitive damages are not available on any of Plaintiffs' claims and thus the request should be struck.

In maritime law, "sometimes punitive damages are allowable, sometimes they are not." *In re Exxon Valdez*, 270 F.3d 1215 (9th Cir. 2001), subs. op. at *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008). "Punitive damages are available under the general maritime law and may be imposed for "conduct which manifests 'reckless or callous disregard' for the rights of others or for conduct which shows 'gross negligence or actual malice or criminal indifference." *Churchill v. F/V Fjord*, 892 F.2d 763, 772 (9th Cir. 1988). However, this is a rule typically applied to maritime *tort* cases, not breach of contract cases.

Plaintiffs nonetheless argue this rule applies to maritime contract cases as well. However, the only case that they cite where punitive damages were awarded in a maritime contract is from 1861. *See* Opp'n at 10, *citing Morrison v. The John L. Stephens*, 17 F. Cas. 838 (N.D. Cal. 1861). More recent case authority explicitly holds that maritime law embraces the general rule of contract law that punitive damages are not available for breach of contract except "where defendant's actions constitute an independent tort in addition to being a breach of contract." *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1257 (8th Cir. 1994) . *See also Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1513 (5th Cir. 1995) (*en banc*); *Ellenwood v. Exxon Shipping Co.*, 984 F.2d 1270, 1283-84 (1st Cir. 1993); *Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57, 62-64 (2d Cir. 1985) (cited in *Evich v. Morris*, 819 F.2d 256,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

258 (9th Cir. 1987), overruled in part on other grounds by *Miles v. Apex Marine Corp.*, 498 U.S. 19 (2000)).

 Plaintiffs now argue that they have alleged an independent tort, namely "HAL's deliberate manipulation of the terms of the individual contracts between them and HAL so as to conceal HAL was having crew pay for their travel expenses, [and] was overcharging them for uniforms and union dues." (Opp'n at 10.) However, even under the liberal notice pleading standard, nothing in the SAC can be read as alleging this deliberate deception, and such accusations have only emerged in conjunction with the various motions for summary judgment and accompanying briefs. Plaintiffs cannot now incorporate these accusations back into their SAC, and the Court will not allow Plaintiffs to amend their complaint again at this late stage.

 Punitive damages are also not available on Plaintiffs' Seaman's Wage Act claims.[4] The Seaman's Wage Act is a comprehensive statutory scheme which provides for a wage penalty to punish the withholding of wages without sufficient cause. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 572 (1982) (noting punitive nature of Act). To allow the recovery of punitive damages in addition to this statutory penalty would "would permit an unlawful double recovery of punitive damages for the same act." *Clavo v. Zarrabian*, No. SACV 03-864-CJC, 2004 WL 3709049, at *5 (C.D. Cal. May 17, 2004). *See also In re Wal-Mart Stores, Inc. Wage & Hour Lit.*, 505 F. Supp. 2d 609, 620 (N.D. Cal. 2007); *Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 410 (N.D. Cal. 1990) (where statute "provides for the award of statutory penalties when an employer 'willfully fails to pay' wages due upon termination, [] Legislature's provision of such statutory penalties precludes an award of punitive damages.")

 Since punitive damages are not available on either of Plaintiffs' two remaining claims as pled in the SAC, Defendant's motion to strike Plaintiffs' request for punitive damages is GRANTED.

/ / /

---

[4] Plaintiffs do not address this issue in their opposition.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

## IV.  CONCLUSION

In accordance with the foregoing, Defendant's motion to strike Plaintiffs' jury demand and request for punitive damages is GRANTED.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

This order is not intended for publication.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |