O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | May 13, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs | Attorneys NOT Present for Defendants | |

**Proceedings:**     IN CHAMBERS: Defendant's Motion in Limine [183]

Defendant moves to limit (1) testimony or discussion of the application of Dutch, Indonesian, or other foreign law in support of Plaintiffs' damage claims; (2) expert witnesses or expert opinions not previously disclosed; (3) damages evidence not previously disclosed or included in Plaintiffs' Rule 25 disclosures; and (4) evidence relating to other litigation.

The motion is GRANTED as to expert witnesses and opinions not previously disclosed and DENIED in all other respects.

**(1)    Discussion of Foreign Law**

As the Court discussed at length in its April 27, 2009 Order, it remains a disputed issue whether domestic or foreign substantive contract law applies to Plaintiffs' breach of contract claim. *See* April 27, 2009 Order at 14-18.

Defendant claims that Plaintiffs failed to "plead foreign law." While Plaintiffs have not specifically brought any claims arising under foreign law, their breach of contract claim might still be governed or affected by foreign contract law. The Court has explicitly refused to determine what nation's law applies to Plaintiffs' contract claim until the parties have properly briefed the issue under standard maritime choice-of-law principles. Accordingly, any ruling as to the propriety of discussions of foreign law at trial would be premature, and Defendant's motion in limine is DENIED in this respect.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | May 13, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

**(2)  Expert Witnesses or Opinions Not Previously Disclosed**

Plaintiffs contend they will only present expert testimony in their rebuttal. (Opp'n at 3-4). Accordingly, the request to bar undisclosed expert testimony in Plaintiffs' case in chief is GRANTED.

**(3)  Undisclosed Damages**

Defendant seeks to exclude evidence regarding damage calculations not previously disclosed by Plaintiffs. Since the only evidence at issue appears to be that involving alleged overtime, and the overtime claims have already been dismissed, *see* March 11, 2009 Order (Dkt. No. 198), the motion to exclude this evidence is DENIED as moot.

**(4)  Evidence Relating to Other Litigation**

Defendant seeks an order barring all evidence and argument regarding other litigation. Since Plaintiffs contend they will only introduce such evidence to rebut arguments and testimony offered by Defendant, Opp'n at 5, the Court cannot determine the relevance and probative value of this evidence at this time. Particularly in light of the Court's determination that there is no right to a jury trial in this case, *see* April 30, 2009 Order (Dkt. No. 204), the Court DENIES the motion as to evidence relating to other litigation without prejudice to Defendant making appropriate objections at trial.

/ / /

```
```

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3811 AHM (JTLx) | Date | May 13, 2009 |
|---|---|---|---|
| Title | SUGENG PRIYANTO v. M/S AMSTERDAM, ET AL. | | |

Within ten (10) days of this Order, the parties shall submit a jointly proposed schedule for pre-trial (including filing of proposed Findings of Fact and Conclusions of Law and Summaries of Direct Testimony) and trial in this matter. In addition, the Court ORDERS the parties to use the Attorney Settlement Panel to arrange for a final mediation that could result in a settlement. Plaintiff shall file a status report disclosing the name of the attorney/mediator and the date of the mediation, by June 1, 2009.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

This order is not intended for publication.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |