JS-6

IN THE UNITED STATES DISTRICT COURT

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGENG PRIYANTO and AGUS EKO SUYANTO, *individually and on behalf of all other similarly-situated seafarers,*<br><br>Plaintiffs,<br><br>vs.<br><br>M/S AMSTERDAM, HOLLAND AMERICA LINE N.V., and HOLLAND AMERICA LINE INC.,<br><br>Defendants. | Case No. CV 07-03811 AHM (AJWx)<br><br>**IN ADMIRALTY**<br><br>Complaint filed: June 12, 2007<br><br>Hon. A. Howard Matz<br><br>**SETTLEMENT ORDER AND FINAL JUDGMENT** |

THIS MATTER came before the Court for final approval of the proposed class settlement, as last amended on September 20, 2011 (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair and reasonable. The Court hereby enters this Final Judgment, which constitutes a

1

**SETTLEMENT ORDER AND FINAL JUDGMENT** CV 07-03811 AHM (AJWx)

DWT 18464702v1 0020397-000084

1  final adjudication on the merits of all claims of the Settlement Class described

2  below with respect to their employment on Holland America Line vessels within the

3  Class Period.

4       On March 10, 2011, this Court granted preliminary approval to the proposed

5  class action Settlement between Class Plaintiffs and Defendants Holland America

6  Line Inc. *et al.* ("HAL").  The Proposed Settlement resolves all of the Class's claims

7  against HAL in exchange for HAL's promise to compensate Class members as set

8  forth in the Settlement Agreement.  On September 20, 2011, the parties filed a

9  Status Report on Settlement Improvements [Dkt. 321], which described certain

10 enhancements to the Settlement negotiated by the parties.  On September 26, 2011,

11 this Court held a fairness hearing to consider whether to grant final approval to the

12 Settlement and to consider Class Counsel's application for an award of attorneys'

13 fees and costs.  The Court heard and considered argument from the parties, no others

14 having appeared to voice support for, or objection to, the Settlement.  The Court

15 then took the matter under submission pending the filing of a status report

16 concerning (a) supplemental notice to seven opt-outs from the Class and (b) updated

17 revisions to settlement amounts.  The parties filed the required status report on

18 October 18, 2011 [Dkt. 328].

19      Having read, reviewed and considered the papers filed in support of and in

20 opposition to final approval of the Settlement, including the declarations submitted

21 by counsel and the Class Representatives, and oral arguments of counsel, along with

22 Class Counsel's Fee and Cost Application, the Amended Settlement Agreement and

23 Release of Claims, and the pleadings, it is hereby

24      ORDERED, ADJUDGED AND DECREED that:

25      1.    The definitions and provisions of the Amended Settlement Agreement

26 and the Notice of Pendency of Class Action and Proposed Settlement are hereby

27 incorporated as though fully set forth herein.

28

2. This Court has jurisdiction over the subject matter of the Amended Settlement Agreement with respect to and over all parties to the Amended Settlement Agreement, including all members of the Settlement Class.

3. The Court approves the Settlement and finds that, as amended, the Settlement is, in all respects, fair, reasonable, and adequate to the Plaintiff Settlement Class, within the authority of the parties, and the result of extensive arm's length negotiations, including over three mediation sessions lasting more than twenty hours.

4. This Court confirms that the proposed Settlement Class satisfies the requirements of Fed. Rule Civ. P. 23, as found in the Court's Preliminary Approval Order. Accordingly, this Court makes final its March 10, 2011, Order Conditionally Certifying Settlement Class.

5. Four members of the Class have timely requested to be excluded from the Class and the Settlement. (Three other members of the Class initially requested exclusion but withdrew their exclusion requests in response to a supplemental notice directed by the Court. *See* Dkt. 328.) Exhibit A, attached hereto, lists the Class members who timely requested exclusion from the Class. This Order shall not bind or affect Class members listed on Exhibit A.

6. The Court hereby grants final approval to the Settlement and finds that, as amended, it is fair, reasonable and adequate, and in the best interests of the Class as a whole. The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.

7. Neither this Final Judgment nor the Amended Settlement Agreement is an admission or concession by HAL of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Amended Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by HAL or any other person in connection with any transaction, event or occurrence, and neither this

Final Judgment nor the Amended Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Amended Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Amended Settlement Agreement.

8.   This Court hereby dismisses with prejudice all claims of members of the Settlement Class that have been, or could have been, alleged in the Actions relating in any way to (a) payment of wages, including gratuities or service charges, prior to the date of the Parties' agreement, or (b) the reimbursement of deployment costs or other employment-related expenses prior to the date of the Parties' agreement.

9.   Class Representatives Priyanto, Suyanto, Brand, Martahan, Santoso, Surono, Junaedem, Zulfian, Gopar, Sumewibawa, Sarifudin and members of the Settlement Class who have not timely excluded themselves, shall be deemed to (a) be forever barred from instituting, maintaining, or prosecuting any claim alleged, or that could have been alleged, in the Actions concerning payment of wages, including gratuities or service charges, or the reimbursement of deployment costs or other employment-related expenses, prior to the date of the Parties' agreement, and (b) have released and discharged HAL and its respective affiliates, direct and indirect subsidiaries, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, employees, agents, servants, accountants, attorneys, advisors, shareholders, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf, from any and all liability with respect to the Released Claims defined in Paragraph 1.12 of the Amended Settlement Agreement.

10. HAL and its manning agent in Indonesia, Sumber Bakat Insani ("SBI"), completed the delivery of Class Notice according to the terms of the Amended Settlement Agreement. The notice given by HAL and SBI to the Settlement Class, which set forth the principal terms of the Amended Settlement Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Amended Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Amended Settlement Agreement, to all parties entitled to such notice, and the Notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The notice given to members of the Class was reasonably calculated under the circumstances to apprise Class members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Class members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Judgment and Final Order.

11. Without affecting the finality of this judgment, the Court retains continuing jurisdiction over (a) implementation of the Amended Settlement Agreement, distribution of the settlement payments, incentive fees and attorneys' fees and costs contemplated by the Amended Settlement Agreement, and processing of the claims permitted by the Amended Settlement Agreement, until each and every act agreed to be performed pursuant to the Amended Settlement Agreement has been performed, and (b) all parties to this action and members of the Plaintiff Settlement Class for the purpose of enforcing and administering the Amended Settlement Agreement.

12. The Court hereby awards $15,000.00 to Plaintiff Sugeng Priyanto as an incentive fee in compensation for the time, effort, and risk he undertook as

representative of the Settlement Class. The Court awards $7,500.00 to Plaintiff Agus Eko Suyanto as an incentive fee in compensation for the time, effort, and risk he undertook as representative of the Settlement Class. The Court awards $2,500.00 each to the following Additional Indonesian Plaintiffs as an incentive fee in compensation for the time, effort, and risk they undertook as proposed representatives of the Settlement Class: (i) Sarifudin; (ii) Ridwan Gopar; (iii) Kadek Kris Sumewibawa; (iv) Zulfian; (v) Samuel Martahan; (vi) Budi Santoso; (vii) Iwan Junaedem; (viii) Surono; and (ix) Willy Brand.

13. An attorney fee and cost award from the Settlement Amount compensates Class Counsel for the time and expenses advanced over the past three years, which involved extensive motion practice, as well as the continued case administration. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class, in the form of a Settlement Amount that will provide compensation to all Class members; (b) Class Counsel devoted substantial effort over three years to pre-and post-filing investigation, legal analysis, and extensive litigation; (c) Class Counsel prosecuted the Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable Settlement for the Class, in spite of HAL's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have a standard contingent fee agreement with the Class Representatives, who have reviewed the Settlement Agreement and been informed of Class Counsel's attorney fee and cost application and have approved. Similarly, the Notice of Class Action Settlement informed Class members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, and no Class member objected. Therefore, the Court hereby approves Class Counsel's Fee and Cost Application and awards to

Class Counsel fees and costs of $1,295,465.00. The Court recommends the allocation discussed in the tentative order distributed at today's hearing.

14. HAL shall pay the fee and cost awards to Class Counsel and the Class Representative incentive fees, as well as amounts due to Class members, including Travel Payment Eligible Plaintiffs who submit timely and complete Claim Forms, in accordance with and at the times prescribed by the Amended Settlement Agreement.

SO ORDERED:

Dated: November 01, 2011

_____
The Hon. A. Howard Matz

JS-6

---

7

**SETTLEMENT ORDER AND FINAL JUDGMENT** CV 07-03811 AHM (AJWx)

DWT 18464702v1 0020397-000084

# EXHIBIT A

The following individuals have timely requested exclusion from the Class and are not bound by this Order:

1. Mamat Nurjadi
2. Suri Nur Hidayat
3. Inyoman Suweca
4. Wayan Karya Saputra